133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Coozie BRITTON, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America, Dept. of Defense; William J.
Perry, Secretary of Defense, Defendants-Appellees.
 No. 97-15791.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 19, 1997.
 
 1
 Before SNEED, LEAVY, and TROTT Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Coozie Britton, a former Fort Ord employee, appeals pro se the district court's grant of summary judgment for defendants in his action alleging retaliation under Title VII, 42 U.S.C. § 2000e et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291, and after de novo review, see Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1994), we affirm.
 
 
 4
 Britton contends that the district court erred when it concluded that he did not suffer an adverse employment action. This contention lacks merit.
 
 
 5
 To establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in protected activity; (2) he was subsequently subjected to adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. See Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464-65 (9th Cir.1974).
 
 
 6
 An employment action is adverse if it causes "a material change in the terms or conditions of employment." Lederberger v. Stangler, 122 F.3d 1142, 1144 (8th Cir.1997); see also Steiner, 25 F 3d at 1464-65 n. 6 (expressing doubt that transferred employee who was not demoted, put in a worse job, or given any additional responsibilities, suffered an adverse employment action); Nidds v. Schindler Elevator Corp., 113 F.3d 912, 919 (9th Cir.1997) (declining to recognize transfer to different department without loss of salary or benefits as adverse employment action) (citing Yates v. Avoco, 819 F.2d 630, 638 (6th Cir.1987)), cert. denied 66 U.S.L.W. 3171 (U.S. Nov. 3, 1997) (No. 97-364); but see Strother v. Southern California Permanente Medical Group, 79 F.3d 859, 869 (9th Cir.1996) (stating that employee who alleged employer excluded her from meetings, increased her workload, and affected her ability to earn merit pay increases, adequately alleged adverse action).
 
 
 7
 Here, Britton alleged that Fort, Ord's management subjected him to adverse employment action when it: (1) charged him AWOL and docked his pay; (2) issued him a warning for eating a banana while on duty; and (3) issued a letter imposing stricter leave procedures. However, he failed to adequately allege that any of these actions materially changed the terms or conditions of his job. See Lederberger, 122 F.3d at 1144.
 
 
 8
 First, after Britton formally complained, the AWOL charges were reversed and Britton's pay was restored. Second, the banana letter was merely an informal warning. Third, Britton fails to allege that the heightened leave requirements letter ever impacted his ability to obtain leave. Because the conduct of which Britton complains does not rise to the level of an adverse employment action, he did not state a prima facie case of retaliation, and the district court properly granted summary judgment. See Steiner, 25 F.3d at 1464-65; Lederberger, 122 F.3d at 1144.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3